UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RONALD ROBINSON,

                         **Plaintiff,**

   vs.                                                                5:19-cv-406
                                                                              (MAD/ATB)

**JOHN HALLETT,** *Defense Attorney*;
**KIM MARTUEWICZ,** *Judge*;
**KRISTYNA S. MILLS,** *District Attorney*;
**DETECTIVE GOLDEN,** *ID #19*;
**DETECTIVE BICKEL**; and
**GEORGE SHAFFER, III,**

                         **Defendants.**
_____

APPEARANCES:                                     OF COUNSEL:

RONALD ROBINSON
17-B-1911
Groveland Correctional Facility
7000 Sonyea Road
Sonyea, New York 14556
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983") on February 4, 2019, seeking monetary relief for alleged violations of his civil rights. Dkt. No. 1 at 14. The action was transferred from the Western District of New York to this Court. Dkt. Nos. 1, 5. On March 6, 2019, Plaintiff filed a letter motion to withdraw his complaint, which this Court granted. Dkt. Nos. 4, 7. Plaintiff requested the case be reopened, claiming that another inmate filed the letter motion under Plaintiff's name without his permission. Dkt. No. 9. Plaintiff also moved to proceed *in forma pauperis* ("IFP"). Dkt. No. 10. Subsequently, Plaintiff filed an

amended complaint. Dkt. No. 15. The motions and the complaint were referred to Magistrate Judge Baxter for review. Dkt. No. 12.

Magistrate Judge Baxter granted the motion to proceed IFP after finding that Plaintiff filed the appropriate forms and satisfied the economic need requirements. Dkt. No. 15 at 1. In his review, Magistrate Judge Baxter recommended that: (1) the amended complaint be dismissed in its entirety with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) as against Defendants Mills, Shaffer and Martusewicz; (2) the amended complaint be dismissed in its entirety without prejudice for lack of jurisdiction as against Defendant Hallett, without the opportunity to amend; (3) the excessive force claim be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as against Defendants Golden and Bickel, with the opportunity to amend; (4) the claim for false imprisonment go forward as against Defendants Golden and Bickel; (5) Plaintiff be afforded thirty days to amend his complaint only as to the excessive force claim as against Defendants Golden and Bickel; (6) the case be returned to Magistrate Judge Baxter after thirty days for review if a second amended complaint is submitted, or for service of the original amended complaint on Defendants Golden and Bickel if Plaintiff does not file a second amended complaint. *Id.* at 19-20.

Plaintiff filed a response to the Order and Report-Recommendation dated December 26, 2019. Dkt. No. 16. In his response, Plaintiff did not object to Magistrate Judge Baxter's recommendation, but asked to go forward on the causes of action that have not been recommended for dismissal. *Id.* Now before the Court is Magistrate Judge Baxter's November 20, 2019, Order and Report-Recommendation. Dkt. No. 15.

## II. BACKGROUND

Most of Plaintiff's amended complaint involves facts that led to a state court conviction for which he is still incarcerated. *See* Dkt. No. 13 at 8. Plaintiff's first cause of action is false imprisonment and false arrest. *Id.* Plaintiff alleges that in 2016, the Jefferson County Drug Task Force ("DTF") illegally entered Plaintiff's home. *Id.* DTF allegedly sent an informant to Plaintiff's home to make a controlled buy of drugs with marked money. *Id.* Plaintiff alleges that the informant ran away with the marked money after Plaintiff refused to come to the door, and DTF illegally entered his home to recover the money. *Id.* DTF allegedly told Plaintiff to empty his pockets, and when Defendant Detective Bickel did not find the money, he detained Plaintiff in his police vehicle for four hours while DTF "ransacked" his house. *Id.* at 8-9. Plaintiff's second cause of action is excessive force. *Id.* at 4. Plaintiff makes conclusory statements in his amended complaint about supervisors and individuals failing to follow their department's rules, and subjecting him to unconstitutional excessive force. *Id.* However, Plaintiff's amended complaint does not describe what force was used and why it was excessive. *Id.* at 10. Plaintiff's third cause of action is conspiracy to violate his civil rights. *See id.* at 10-11. Plaintiff alleges that Defendants took action that they, at the time, believed to be lawful, and, in doing so, conspired to violate Plaintiff's constitutional rights. *Id.* at 10-11.

Plaintiff's fourth cause of action alleges nondisclosure of favorable evidence. *Id.* at 11. Plaintiff alleges that Defendant Kristyna Mills, or Defendant George Shaffer, failed to alert the grand jury that there was no warrant to search Plaintiff's home.[1] *Id.* Plaintiff argues that this violates their duty to present exculpatory evidence to the grand jury. *Id.* Plaintiff further alleges that "the defendant misused the grand jury panel, withheld evidence favorable to the Plaintiff,

---

[1] Based on Plaintiff's complaint, it is unclear whether Plaintiff alleges that Defendant Mills or Defendant Shaffer engaged in the alleged conduct as the Complaint only refers to the "Jefferson County District Attorney." *See* Dkt. No. 13 at 11.

3

[and] lied to the grand jury panel . . . to secure a conviction that was already illegal and unethical[.]" *Id.* at 12.

Plaintiff's fifth cause of action is "conflict of interest." *Id.* Plaintiff alleges his attorney at trial had a conflict of interest when representing him because his attorney also represented the informant. *Id.* Plaintiff alleges that his attorney, Defendant John Hallett, lied to the trial judge when he said he had not represented the informant, and that the court committed a serious error in accepting this representation. *Id.* Plaintiff contends that the jail's visitor log would show that Defendant Hallett visited both him and the informant, and that the informant has also said that Defendant Hallett represented her. *Id*. at 12-13. Plaintiff's sixth and final cause of action is malicious prosecution. *Id.* at 15. Plaintiff alleges that "the Jefferson County District Attorney" knew that Plaintiff"s constitutional rights were violated, but tried to hide the errors, committed perjury, withheld favorable evidence, misled the jury, and tainted its function.[2] *Id.*

### III. DISCUSSION

**A.    Legal Standard**

Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed IFP, "(2) . . . the court shall dismiss the case at any time if the court determines that - . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Second Circuit has

---

[2] Again, it is unclear whether Plaintiff's allegations are as to Defendant Mills or Defendant Shaffer.

held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). Similarly, 28 U.S.C. § 1915A(b) directs a court to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

**B.     Judicial Immunity**

Judges are afforded absolute immunity from suit for actions related to the exercise of their judicial functions. *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). Judges maintain judicial immunity "even when [the] judge is accused of acting maliciously and corruptly." *Id.* at 554. Judicial immunity is only defeated by "nonjudicial actions, *i.e.*, actions not taken in the judge's

5

judicial capacity;" or "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citations omitted).

Magistrate Judge Baxter correctly determined that Plaintiff's claims against Judge Martusewicz are barred on the basis of judicial immunity because all of the actions alleged were taken within the scope of the judge's judicial capacity. *See* Dkt. No. 15 at 9.

**C.      Prosecutorial Immunity**

As Magistrate Judge Baxter correctly concluded, a prosecutor is absolutely immune from liability for virtually all acts associated with his or her function as a prosecutor and advocate. *See Lawlor v. Connelly*, 471 Fed. Appx. 64, 65 (2d Cir. 2012) (citing cases). In fact, the Second Circuit has specifically held that a prosecutor is absolutely immune from liability for withholding exculpatory evidence from a grand jury. *See Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995). Therefore, the Court finds that Plaintiff's Section 1983 claims against Defendants Mills and Shaffer are dismissed with prejudice on prosecutorial immunity grounds.

**D.      *Heck v. Humphrey***

As Magistrate Judge Baxter correctly found, Plaintiff is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), from asserting civil rights claims, pursuant to Section 1983, for conflict of interest and malicious prosecution. Dkt. No. 15 at 11-12. Under *Heck* and its progeny, a "§ 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the [plaintiff's] suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis omitted). In this case, Plaintiff's claims arise from facts that led to his state court conviction, for which he is still incarcerated. Dkt. No. 15 at 3. Plaintiff's success here would unquestionably cast doubt on

these counts. Therefore, the Court finds that Plaintiff's claims for conflict of interest and malicious prosecution are barred under *Heck*. *See DiBlaisio v. City of New York*, 102 F.3d 654, 657-59 (2d Cir. 1996). Magistrate Judge Baxter also correctly determined that even if the "conflict of interest" claim is not barred by *Heck*, it is barred because counsel was not acting under color of state law. Dkt. No. 15 at 12-13.

E.  **Conspiracy**

Magistrate Judge Baxter recommended that the Court dismiss Plaintiff's conspiracy claim because Plaintiff failed to allege an agreement between the members of the alleged conspiracy to violate Plaintiff's rights. *See id.* at 13. Plaintiff did not object to this portion of Magistrate Judge Baxter's Order and Report-Recommendation. Dkt. No. 16.

Having reviewed these claims and Magistrate Judge Baxter's recommended disposition, the Court finds that Magistrate Judge Baxter correctly determined that Plaintiff has failed to allege facts which plausibly suggest a conspiracy pursuant to Section 1983. Therefore, the Plaintiff's conspiracy claim is dismissed.

F.  **False Arrest**

"A § 1983 claim for false arrest, . . . including arrest without probable cause, . . . is substantially the same as a claim for false arrest under New York law[.]" *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (internal citations omitted). Under both New York law and the Fourth Amendment to the United States Constitution, the elements of a false arrest action are as follows: "'(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged.'" *Curry v. City of Syracuse*, 316 F.3d 324, 335 (2d Cir. 2003) (quotation omitted).

Currently, there remains an issue of fact as to whether Defendants Golden and Bickel had authority to detain Plaintiff. Therefore, Magistrate Judge Baxter correctly determined that the claim for false imprisonment should go forward as to Defendants Golden and Bickel, as an initial review of the complaint is not the appropriate time to delve into whether there was a search warrant for Plaintiff's residence. Dkt. No. 15 at 17.

G.  **Excessive Force**

"Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (quotations and other citation omitted); *see also Tracy v. Freshwater*, 623 F.3d 90, 96 (2d Cir. 2010). Proper application of the Fourth Amendment's "objective reasonableness" standard "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*

Here, Magistrate Judge Baxter correctly determined that Plaintiff did not allege what "force" was exerted and how it was "excessive." Dkt. No. 15 at 16. Rather, Plaintiff simply alleged that his house was "ransacked" for four hours and that he was kept in a police car during that time. Without more, Plaintiff has failed to plausibly allege a Fourth Amendment excessive force claim.

H.  **Opportunity to Amend**

When a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint

8

gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citations omitted). Of course, an opportunity to amend is not required where "[t]he problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Id.* (citation omitted).

Magistrate Judge Baxter correctly determined that the claims against Defendants Mills and Shaffer are barred by prosecutorial immunity, the claims against Defendant Martusewicz are barred by judicial immunity, and the claims against Defendant Hallett are barred because counsel did not act under color of state law. Dkt. No. 15 at 17-18. Since these claims are such that any attempt to amend them would be futile, the Court need not provide Plaintiff an opportunity to amend them. Magistrate Judge Baxter also correctly determined that Plaintiff should be given the opportunity to amend his excessive force claim because the complaint indicates there may have been some "force" to which Plaintiff was subjected to that was "excessive." *Id.* at 18.

### IV. CONCLUSION

After carefully considering Magistrate Judge Baxter's Order and Report–Recommendation, Plaintiff's response, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Baxter's November 20, 2019 Order and Report–Recommendation is **ADOPTED in its entirety**; and the Court further

**ORDERS** that the amended complaint is **DISMISSED in its entirety with prejudice** as against Defendants Mills, Shaffer and Martusewicz; and the Court further

**ORDERS** that the amended complaint be **DISMISSED in its entirety without prejudice** for lack of jurisdiction as against Defendant Hallett, without opportunity to amend; and the Court further

**ORDERS** that Plaintiff's claim of excessive force is **DISMISSED without prejudice** as to Defendants Golden and Bickel, with opportunity to amend; and the Court further

**ORDERS** that Plaintiff be afforded thirty days to amend his complaint only as to his claim of excessive force against Defendants Golden and Bickel; and the Court further

**ORDERS** that upon the expiration of thirty days or any period of time extended by the District Court, the case be returned to Magistrate Judge Baxter for either review of the second amended complaint, if filed, or service for the original amended complaint on Defendants Golden and Bickel if Plaintiff does not file a second amended complaint.[3]

**IT IS SO ORDERED.**

Dated: March 13, 2020
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[3] The only surviving claim is Plaintiff's false arrest claim against Defendants Golden and Bickel.